STATE OF LOUISIANA : NO. 8454

VS : COURT OF APPEAL

ABBOTT AUTOMOBILE COMPANY, LTD. : PARISH OF ORLEANS

: : : : :

- - -

DISSENTING OPINION

BY

WILLIAM A. BELL, JUDGE.

- - -

I find that the facts in this case, correctly and clearly stated in the defendant's brief, are as follows:

"This appeal arises out of a suit by the plaintiff against the defendant for the sum of eight hundred and forty ($840) dollars additional license for the year 1921, with two per cent per month interest thereon from March 1, 1921, and ten per cent attorney's fees on the whole amount of principal and interest. The plaintiff alleged in its rule that the defendant had paid as a license tax for the year 1921, the sum of three hundred and sixty dollars ($360), based on the affidavit of gross receipts in excess of $300,000 and less than $400,000, and further alleged that the gross receipts for the operation of plaintiff's business would be for the year 1921 more than the sum of one million dollars and less than the sum of one million five hundred thousand dollars. That the license for said volume of business is the sum of $1,200.

"In its answer, the defendant admitted having paid as a license tax for the year 1921 the sum of $360, based on the affidavit as claimed, but defendant denied that the gross receipts for the operation of said business would be for the year 1921 more than the sum of one million dollars, and defendant denied that there was due to the State of Louisiana $840, as claimed. Defendant further alleged that in applying for retail license to do business for the year 1921, it made application on the basis of gross sales of $300,000 or more and under $400,000, the license being $360, as provided for in the 11th class of Section 9 of Act 233 of 1920, and defendant further alleged that at the time of suit it had determined that its gross sales for the year 1921 would be as

71

much as $500,000, but would not exceed $600,000, and that, therefore, they should have applied for a license in the 9th class of the said Section of the said Act, the said license for this class being the amount of $650, and defendant thereupon deposited in the registry of the Civil District Court the difference between the amount of $650, which was correctly due, and the amount of $360, which was incorrectly paid, to-wit, the sum of $290. This deposit in the registry of the Court leaves in dispute only the sum of $550, being the difference between the total amount already paid and that claimed by the plaintiff."

I respectfully dissent to the majority opinion herein rendered, believing an erroneous interpretation and effect has been given to the law, as found in Act 233 of 1920, particularly Section 32 thereof, providing as follows:

"Section 32. Be it enacted by the General Assembly of the State of Louisiana that the annual receipts, capital, sales, premiums, commissions and earnings in this Act referred to as a basis of license, are those for the year for which the license is granted; the standard for their estimation shall be prima facie of the preceding year if the business has been conducted previously by the same party or parties to whom they claim to be successors. If the firm or company be new, the amount of gross sales for the first two months shall be considered the basis, and six times that amount shall be estimated as the annual receipts of such business; provided, that any person commencing business after the first of July, peddlers, hawkers and traveling shows, excepted, shall pay one-half of the above rates."

The plain and unambiguous languaged used in the foregoing section of the law clearly provides that the license tax shall be based on the annual receipts, etc., for the year for which the license is granted. These receipts shall be "gross" receipts, as provided by Section 43 of the same Act. They are gross receipts for the particular year in which the license is granted, and for no other year.

It is to be noted that there is no contention by either litigant herein, that the basis of license payment is other than the gross receipts of the year's business in which the license is granted. That both plaintiff and defendant are in accord on this point is plainly manifested in the first instance by the plaintiff's averments essential to it's cause of action, viz:

72

"That the gross receipts for the operation of said (defendant's) business will be for the year 1921 more than the sum of one million dollars," etc.

A like view of the matter, as taken by the defendant, is shown from it's officer's sworn statement submitted upon the original application for license to do business in 1921, where he avered as follows:

"That the said Abbott Automobile Company, Limited, will, to the best of his knowledge and belief, do business as a retailer in the year 1921 amounting to $300,000 and under $400,000."

It follows, therefore, that the controversy in question has not arisen out of any conflict of opinion as to the provisions of the first clause of Section 32, which provides:

"that the annual receipts, etc., referred to as a basis of license are those for the year from which the license is granted;"

but, rather, is the whole litigation predicated upon the construction to be given the language in Section 32, immediately following the above clause, and which provides that:

"the standard for their (said receipts') estimation shall be prima facie of the preceding year."

It is contended for the State that under Section 33 of the Act, whenever the license tax-collector sees fit to challenge by rule the license tax-payer's estimation of what the latter's receipts will be for that year in which he pays his license, the said tax collector by simply offering--as evidence justifying his challenge--the tax-payer's previous estimation of his previous year's business--is not to be bound by the said offer, which as to the State is merely prima facie evidence, subject by it only and never by the tax-payer, to rebuttal. In other words, it is urged that the tax-payer's previous year's estimate, however damaging or unfair to the tax-payer, must be taken (according to long established custom now approved by the majority opinion herein) as a basis of estimation for the succeeding or current year's license, and if so taken and offered in rule to traverse, it cannot be rebutted by the defendant tax-payer. I can see no merit in this con-

tention, and to my mind the words "*prima facie*" employed by the lawmaker mean just what was plainly intended by the Legislature, that is, that evidence offered in a rule to challenge is subject to rebuttal by either party.  The words "*prima facie*" cannot be given such a distorted and unusual construction.  *Prima facie* evidence or proof is "that evidence which if unexplained or un-contradicted would establish the fact alleged." (Standard Dictionary of the English Language).  The word "evidence" in legal acceptation, "includes all the means by which any alleged matter or fact; the truth of which is submitted to investigation, is established or *disproved*." (Greenleaf, Vol. 1).

If the contention herein made be sound, the State's mere offer in summary proceedings of a tax-payer's sworn return of his previous year's business, would justify an *ex parte* judgment for the State upon it's mere averment that the tax-payer's returns for the current year were fraudulent or erroneous.  Courts will not seal with approval a practice clearly erroneous, nor substitute it, of however long-standing, for the plain provisions of a statute which justly secures to each party litigant the fundamental right of disclosing all facts pertinent to the issues involved and not only such facts as are only favorable to one of the litigants.

I respectfully disagree with the views expressed in the majority opinion herein which holds, in respect to that clause in Section 32 which provides that the standard for estimation shall be *prima facie* of the preceding year, that said clause:

> "means that the receipts of the preceding year shall be the lowest standard upon which the license shall be estimated *prima facie*, and which the State shall have an absolute right to demand."

It is obvious that in the present case the State is contending that the receipts of the previous year (1920) should be taken as the highest, not the lowest, standard for estimating the amount of license to be paid in 1921.  The word "standard" found in Section 32 is not preceded by any qualifying adjective nor should any be supplied by judicial interpretation.

The testimony of the defendant's bookkeeper and cashier is to the effect that gross receipts of sales of automobiles in its retail department amounted, in the year 1920, to the sum of $1,108,500.35, but upon cross-examination this same witness swore by way of rebuttal that it was absolutely impossible, in his opinion, based upon experience after twelve year's employment with the defendant company for said company's gross retail receipts to have reached the sum of one million dollars during the current year of 1921.

In defendant's brief it has been stated as a fact, not denied by counsel for the State in either brief or argument, that in two recent suits against this same defendant--one by the State brought in the First CityCourt of New Orleans (No. 5814), and the other brought by the City in the Civil District Court for the Parish of Orleans (No. 142,004)--the precise question involved in the case here on appeal was, by judgments in each case, resolved in favor of defendant. It is significant that these "sleeping dogs" have been allowed by both the City and the State to lie quiescent until the sovereign tax power has been forced in this case to assume the role of appellee, and here to present what seems to be a most unreasonable and distorted interpretation of the plain language of the statute.

Whatever the tax collector's practice has been in settling his difficulties with the tax-payers and however long the public, as merchants, have seen fit to accept the State's view of this matter, it is plain, in my opinion, that the language of the statute is so simple that there need be hardly any necessity for judicial interpretation thereof.

For these reasons, I respectfully dissent to the majority opinion herein rendered.

Respectfully submitted.